

# U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

RACHAEL A. HONIG
*Acting United States Attorney*

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE     856/757-5026
*401 Market Street, 4th Floor*                Fax: 856/968-4917
*Post Office Box 2098*
*Camden NJ  08102*

August 24, 2021

Hon. Robert B. Kugler
United States District Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

    Re:    <u>United States v. Frank Nucera, Jr.</u>
            <u>Crim. No. 17-532 (RBK)</u>

Dear Judge Kugler:

     A pre-trial conference is scheduled in the above-referenced case for September 8, 2021, at 1:30, p.m.  At that time the government respectfully requests that the Court conduct an inquiry of the defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399 (2012).

     As the Court knows, the Supreme Court in *Frye* held that defense counsel's failure to inform and properly advise a client about a plea offer from the government can amount to ineffective assistance of counsel.  Recognizing that this holding would create an opportunity for a defendant to manipulate the process, the Court suggested that trial courts consider adopting procedures to help ensure that a defendant has been fully advised of a plea offer before further proceedings commence. *See id.* at 1408-09.

     In this case, the government made a formal plea offer to the defendant on July 14, 2021.  Subsequently, Rocco Cipparone, counsel for Nucera, informed the government that the defendant rejected this offer.  In light of *Frye*, the government believes the Court should to question the defendant under oath to assure itself that Mr. Cipparone conveyed the formal plea offer to his client, and thereby prevent the defendant from later and falsely claiming that counsel failed to convey and advise him about the  offer.

Accordingly, the government proposes that the Court ask defense counsel the following questions:

1. Did you receive the proposed plea agreement dated July 14, 2021?

2. Did you provide a copy of that proposed plea agreement to your client?

3. Did you review the proposed plea agreement with your client prior to the expiration date of the plea offer?

4. Did you have a sufficient opportunity to discuss those proposed plea agreement with your client?

5. Did your client reject the proposed plea agreement?

If defense counsel answers "yes" to all of those questions, the government requests the Court to address the defendant as follows: I am going to ask you some questions. Do not disclose any communications with your attorney. Do not tell me the terms of any plea offer made by the government. The Court is not involved in any plea negotiations, and it has no opinion regarding your decision whether to plead guilty or proceed to trial. When I ask you these questions, please give me a yes or no answer to each question—nothing more.

1. Did you receive the proposed plea agreement dated July 14, 2021?

2. Did you have a sufficient opportunity to consult with your attorney about that proposed plea agreement?

3. Do you understand that it is exclusively your decision whether to accept or reject the proposed plea agreement, but that you should make that decision in consultation with your attorney?

4. Did you thoroughly discuss the agreement with you attorney?

5. Do you understand the terms of the agreement?

6. Did you reject the plea agreement?

7. Do you wish to proceed to trial?

Thank you for your consideration.

                          Respectfully submitted,

                          RACHAEL A. HONIG
                          Acting United States Attorney

                          By: MOLLY S. LORBER
                          R. JOSEPH GRIBKO
                          Assistant U.S. Attorneys

Cc:    Rocco C. Cipparone, Jr., Esquire